Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Quintin Shammam (SBN 246926)
**LAW OFFICES OF QUINTIN G. SHAMMAM**
2221 Camino Del Rio South, #207
San Diego, CA 92108
Tel:  (619) 444-0001
Fax: (619) 501-1119
Quintin@ShammamLaw.com

*Attorney for Plaintiff,*
*JOSEPH SAMO, and other similarly-situated*

Additional Attorneys for Plaintiff on Signature Page

## UNITED STATES DISTRICT COURT
## SOUTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| JOSEPH SAMO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ACE PARKING MANAGEMENT, INC, <br><br><br> Defendant. | Case No.: **'17 CV 2414 WQHBLM** <br><br> CLASS ACTION COMPLAINT FOR DAMAGES: <br><br>     1. VIOLATION OF THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT AMENDMENT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. |

## NATURE OF THE CASE

1. This class action complaint is based upon Defendants' violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., as amended (the "FCRA"). Specifically, this action is based upon § 1681c(g) which states that, "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Despite the clear language of the statute, Defendants willfully chose not to comply. As such, Plaintiff and other individuals that used a credit card or debit card to pay for parking at Defendants' facility suffered violations of § 1681c(g).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331 and 1337 because the claims in this action arise under violation of federal statute.

3. Venue in this district is proper under 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

4. Defendant is incorporated in California and conducts business in this district by maintaining parking facilities throughout San Diego, and its contacts here are sufficient to subject it to personal jurisdiction.

CLASS ACTION COMPLAINT

**PARTIES**

5.  Plaintiff Joseph Samo (hereinafter "Plaintiff") is a resident of San Diego County, California, and a "consumer" as defined by 15 U.S.C. § 1681a.

6.  Defendant Ace Parking Management, Inc. (hereinafter "Defendant") is a corporation based in San Diego, California, and a "person" as the term defined by 15 U.S.C. § 1681a(b). At all relevant times mentioned herein, Defendant conducted and continues to conduct business in California.

7.  Defendant manages over 450 lots and garages across the U.S., and services nearly 250,000 customers per day. Gross receipts from all operations exceed $440 million annually. *See   https://www.aceparking.com/every-thank-you-earned/.*

8.  One such location is 4150 Regents Park Row, La Jolla, California 92037, where Defendant operates a parking lot near several offices and businesses.

**FACTA Background**

9.  Identity theft is a serious issue affecting consumers throughout the United States.

10. According to the IRS, "[t]he impact of identity theft on taxpayers is profound and can have major consequences." *See* Testimony of the Honorable J. Russell George, Treasury Inspector General for Tax Administration before the Committee on Oversight and Government Reform Subcommittee on Government Organization, Efficiency and Financial Management, U.S. House of Representatives (Nov. 4, 2011), p. 2.

11. The Taxpayer Advocate Service 2013 ("TAS"), acknowledged that identity theft can result in "significant emotional trauma," with symptoms resembling post traumatic stress disorder. TAS, Report to Congress, Volume 1, p.76.

12. To combat the growing risk of identity theft and credit/debit card fraud, Congress enacted FACTA in 2003 to provide certain safeguards to consumers who use credit cards and debit cards. See Pub L. No. 108-159 (December 4, 2003) ("An Act…to prevent identity theft…and for other purposes.")

13. The Ninth Circuit held that "[i]n fashioning FACTA, Congress aimed to 'restrict the amount of information available to identity thieves.'" *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010) (citing to 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby)).

14. Upon signing FACTA into law, President George W. Bush noted the importance of safeguarding the information printed on receipts: "Slips of paper that most people throw away should not hold the key to their savings and financial secrets." 39 Weekly Comp. Pres. Doc. 1746, 1757 (Dec. 4, 2003).

15. FACTA was widely publicized and required full compliance with its provisions no later than December 4, 2006, which provided merchants three years to update their debit/credit card systems to come into compliance with the statute.

16. Many credit card companies took proactive steps prior to the enactment of FACTA to implement policies to prevent identity thieves from gaining customer information from transaction receipts. On March 6, 2003, Visa USA's CEO, Carl Pascarella, held a joint press conference on Capitol Hill with several senators to announce Visa USA's new receipt truncation policy. Mr. Pascarella explained, as follows:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. **Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's**

**expiration date will be eliminated from receipts altogether**…We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts. The **first phase of this new policy goes into effect July 1, 2003 for all new terminals.** (Emphasis added).

17. Many card-issuing companies now contractually require merchants that accept their cards to comply with FACTA. For example, the Visa Core Rules and Visa Product and Service Rules "represent a binding contract between Visa and each Member…and specify minimum requirements applicable to all Members…" and specify that "In the US Region, for acceptance devices installed after 1 July, 2003, the expiration date must not appear or must be disguised or suppressed on the Cardholder's Transaction Receipt."

**Plaintiff's Factual Allegations**

18. On or about November 8, 2017 Plaintiff parked his vehicle in Defendants' La Jolla parking lot.

19. Plainitff subsequently used his Visa debit card to pay at the Defendant's La Jolla parking kiosk.

20. Defendant's kiosk issued an electronically-printed transaction receipt that illegally displayed the last four digits of his debit card, along with the debit card's full expiration date.

21. As found by Congress, a common scheme for those seeking to commit fraud or identity theft is to obtain credit card receipts and use the information published on the document.

22. By issuing parking payment receipts which contain the full expiration date of the credit card holders, Defendant publishes personal identifiable information of consumers, subjecting them to a substantially higher risk of an identity theft or fraud.

23. Any person who obtains a copy of Defendant's parking receipt containing full expiration date can use this data in attempt to defraud the actual cardholders, or other potential information sources into disclosing additional confidential financial information relating to the cardholder. The more information that is disclosed on the receipt, the easier it becomes to steal cardholders' private confidential financial information.

24. In fact, in 2017, Javelin were subject to identity theft & Research reported that approximately 15.4 million of U.S. consumers in 2016 were subject to different types of identity theft and fraud, with resulting financial losses close to $15.3 billion. Al Pascual, Kyle Marchini, Sara Miller, *2017 Identity Fraud: Securing the Connected Life,* (Feb. 1, 2017) (available at https://www.javelinstrategy.com/coverage-area/2017-identity-fraud)     (last visited on November 26, 2017).

25. The study further reported a significant 40% increase in "card-not-present" fraud and identity theft, which further depicts the need of preserving cardholders' information in strict confidence.

26. The operative provision of FACTA, codified in 15 U.S.C. § 1681c(g)(1) provides as follows:

> [N]o person that accepts credit cards or debit cards for the transaction of business **shall print** more than the last 5 digits of the card number or **the expiration date upon any receipt** provided to the cardholder at the point of the sale or transaction. (emphasis added).

27. Section 1681c(g) is "not ambiguous." *Pirian v. In-N-Out Burgers,* 06-1251, 207 WL 1040864, *3 (C.D. Cal. Apr. 5, 2007).

28. Defendant failed to assure that its point of sale machines are in strict compliance with the provisions of 15 U.S.C. § 1681c(g)(1), thereby

subjecting its customers and Plaintiff to a significant risk of identity theft, by mishandling the very private and sensitive confidential data.

29. Defendant's wanton violation and mishandling of consumers' sensitive data is egregious in this matter.

30. Further, Defendant accepts Visa, MasterCard, American Express, and other forms of debit and credit card payments in its parking locations throughout the United States.

31. Banks and credit card associations such as Visa, MasterCard, American Express are aware of the importance of transmitting or publishing expiration dates as required under FACTA. Accordingly, they require compliance with FACTA or at the very least inform their merchants, including Defendant, of the FACTA requirements.

32. Upon information and belief, Defendant has failed to comply with FACTA's requirements at other parking locations throughout the class period.

33. Defendant here knew of its legal obligation to comply with FACTA's truncation requirements, and yet willfully chose to ignore the law, subjecting Plaintiff and other consumers to a great danger.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this Class action on behalf of himself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

35. The Class which Plaintiff seeks to represent is defined as:

> All persons in the United States who received an electronically printed receipt from a machine at a parking garage at any Ace Parking facility, on which receipt Defendant printed the expiration date of the person's

debit or credit card within the two (2) years prior to the filing of this complaint.

36. Plaintiff falls within the class definition and are members of the class.

37. Excluded from the class are the Defendant, Defendant's agents and employees, and the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

38. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**Certification Under Either Rule 23(b)(2) or (b)(3) is Proper**

39. ***Ascertainability.*** The members of the class are capable of being described without managerial or administrative problems. The members of the class are readily ascertainable from the information and records in the possession, custody or control of Defendant. The Class, therefore, can be identified through Defendant's records.

40. ***Numerousity.*** Defendant operates hundreds of parking locations throughout the United States, accepts credit cards and debit cards at each and, upon information and belief, prints receipts reflective of credit card or debit card transactions. Therefore, it is reasonable to conclude that the class is sufficiently numerous such that individual joinder of all members is impractical, and the number of the class members is numerous.  Plaintiff believes the number of class members is in several hundreds, if not thousands.

41. ***Commonality***. This action will involve identical factual issues on a class-wide basis, particularly whether Defendant within the statutory period printed a receipt with the class members' credit card's expiration date, which demonstrates commonality of factual and legal issues.

42. ***Typicality.*** Plaintiff used Defendant's La Jolla parking facility and received a printed receipt containing the credit card's full expiration date. As such, Plaintiff is asserting claims that are typical of the proposed class. Plaintiff will fairly and adequately represent and protect the interests of the class in that Plaintiff has no interests antagonistic to any member of the class.

43. Defendant's defenses are and will be typical of and the same or identical for each of the members of the class and will be based on the same legal and factual theories. There are no unique defenses to any of the class members' claims.

44. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interest of the Class.

45. ***Adequacy of Class Counsel.*** Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving a violation of FACTA.

46. ***Common Questions of Law and Fact are Predominate.*** There are common questions of law and fact that predominate over any questions affecting only the individual members of the class. The wrongs alleged against Defendant are statutory in nature and common to each and every member of the putative class. The predominant questions of law and fact include, but are not limited to the following:

    a. Whether, within the two years prior to the filing of this Complaint, Defendant accepted payment by credit or debit card from any consumer and subsequently printed a receipt upon which contained the full expiration date;

    b. Whether Defendant's conduct was willful and reckless;

    c. Whether Defendant is liable for damages, and the extent of statutory damages for each such violation;

– 9 –
CLASS ACTION COMPLAINT

d.  Whether Defendant should be enjoined from engaging in such conduct in the future.

e.  Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs under FACTA.

47. While all Class members have experienced actual harm as previously explained herein, this suit seeks only statutory damages and injunctive relief on behalf of the class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

48. ***Class Action Is a Superior Method.*** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small. The maximum statutory damages in an individual action for a violation of this statute are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. A class action will also promote judicial economy.

49. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. Separate adjudications of the claims will create a risk of decisions that are inconsistent with or dispositive of other class members' claims, and thus, the class action method is appropriate here.

50. Plaintiff requests certification of a class for monetary damages and injunctive relief.

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C. § 1681c(g)**

51. Plaintiff incorporates by reference, all preceding paragraphs, as though fully set forth in this cause of action.

52. The foregoing acts and omissions constitute violations of the FACTA, including but not limited to each and every one of the above-cited provisions of the FACTA, 15 U.S.C. §§ 1681 et seq.

53. 15 U.S.C. § 1681c(g) section applies to any "device that electronically prints receipts for credit card or debit card transactions. 15 U.S.C. § 1681c(g)(3).

54. Defendant employs the use of such devices for point of sale transactions to collect parking fees at the La Jolla parking lot, as well as its other lots located throughout California, and the United States.

55. The devices employed by Defendant provided Plaintiff with electronically printed receipts that displayed the full expiration dates of his credit card and the last four digits of his card numbers.

56. FACTA was enacted in 2003 and gave merchants who accept credit and/or debit cards up to December 4, 2006 to comply with its requirements.

57. Defendant has been in business for approximately 60 years, and thus, is well aware of the FACTA requirements. *See https://www.aceparking.com/the-company/* (stating that "[f]or over 60 years, ACE Parking's priorities have been to exceed the financial objectives set forth by clients and to deliver the highest possible level of service.")

58. Defendant was well informed about the law, including specifically FACTA's prohibition on the printing of card expiration dates.

59. Most of Defendant's business peers and competitors readily brought their credit and debit card printing processes into compliance with FACTA by

programming their card devices to omit cards' expiration dates. Defendant remained unwilling to take the necessary action to ensure compliance and safeguard their customers' credit and debit card information, especially considering the drastic increase in identity theft crimes.

60. Defendant knowingly, willfully, intentionally, and recklessly violated and continue to violate FACTA's prohibition on displaying the expiration date on the electronically printed receipt.

61. By printing the cards' expiration dates on Plaintiff's transaction receipt, Defendant caused Plaintiff to suffer a heightened risk of identity theft and forced Plaintiff to take action to secure the receipt.

62. As a result of Defendant's willful violation of FACTA, Defendant is liable to Plaintiff and each member of the Class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation, punitive damages, and attorneys' fees and costs. 15 U.S.C. § 1681n.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following relief on behalf of himself and each and every Class member:

- That this action be certified as a Class Action;
- Plaintiff's Counsel be appointed as a Class Counsel
- An award of statutory damages in the amount of $1,000, pursuant to § 1681n(a)(1)(A);
- An award of punitive damages pursuant to § 1681n(a)(2);
- An award of attorney's fees, litigation expenses and costs of suit, pursuant to § 1681n(a)(3);
- Injunctive and declaratory relief prohibiting Defendant's illegal

CLASS ACTION COMPLAINT

practices; and

- For other relief this Court deems just and proper.

### TRIAL BY JURY

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**HYDE & SWIGART, APC**

Date:  December 1, 2017

By: s/Joshua B. Swigart
Joshua B. Swigart
Attorney for Plaintiff

Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

CLASS ACTION COMPLAINT